IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO. 1:19 CR 196 |
| | ) | |
| PLAINTIFF, | ) | JUDGE DONALD NUGENT |
| | ) | |
| vs. | ) | |
| | ) | |
| ANTHONY CASTIGLIONE | ) | **SENTENCING MEMORANDUM OF** |
| | ) | **ANTHONY CASTIGLIONE** |
| DEFENDANT. | ) | |

Now comes Defendant, by and through counsel, and respectfully submits this Sentencing Memorandum as additional mitigation towards the final disposition of this matter.

The Sentencing Memorandum presents the law and facts that would allow the Court to consider as an appropriate sentence. Specifically, Defendant requests the court to impose a sentence that is sufficient but not greater than necessary for this particular crime and Mr. Castiglione's personal characteristics.

**FEDERAL SENTENCING LAW**

Following United States v. Booker, 543 U.S. 220 (2005), sentencing courts turn to Section 3553(a) of Title 18 of the United States Code as their guidance for fashioning an appropriate federal sentence. Post-Booker, the Guidelines constitute just one of the factors sentencing courts must consider in determining a sentence that is "sufficient but not greater than necessary" to achieve the statutory goals of sentencing. The Booker standard requires courts to impose sentences that: (A) reflect the seriousness of the offense, promote respect for the law and provide just punishment for the offense; (B) afford adequate deterrence to criminal conduct; (C)

1

protect the public from further crimes of the defendant; and, (D) provide the defendant with needed training, medical care, or other correctional treatment in the most effective manner.

In consideration of the purposes of this statute, this Court must fashion a sentence which considers all the following factors: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to further the purposes set forth above; (3) the kinds of sentences available; (4) the kinds of sentence and sentencing range applicable to the defendant as set by the United States Sentencing Guidelines as well as any pertinent policy statements issued by the Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and, (6) the need to provide restitution to any victims of the offense. The applicable offense level is 19 with Acceptance of Responsibility with 1 criminal history point and the application of a 2 level reduction pursuant to Section 5C1.2

Additionally, Section 5H of the Guidelines contains previously prohibited factors that sentencing courts may now consider, including defendant's age, education and vocational skills, mental and emotional conditions, physical condition, employment record, family ties and responsibilities, role in the offense, etc. Although the recommended Guideline range must be taken into account, the Court must follow the "parsimony provision" of 18 U.S.C. § 3553(a), which is the "overarching" command of the statute. Kimbrough v. United States, 552 U.S. 85 (2007). That provision provides: "The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." 18 U.S.C. § 3553(a). Under Kimbrough, sentencing courts must treat the Guidelines as the "starting point and the initial benchmark" when formulating a reasonable sentence. 552 U.S. at 108. The Guidelines merely mark the starting point for a nuanced assessment of each individual case and

the appropriateness of the Guidelines sentence must be judged against the other factors in 18 U.S.C. § 3553(a). Id. at 101. While the statute still requires a court to give respectful consideration to the Guidelines Offense level 19, the court must tailor the sentence in light of the other factors in § 3553(a) as well. Booker, 543 U.S. at 245-46.

**APPLICATION OF 18 U.S.C. § 3553(a) SENTENCING FACTORS TO HOPE LYNCH**

Section 3553(a) mandates that "[t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection."

On November 29, 2018 Anthony entered a guilty plea to a One Count Information in violation of 21 USC 841(a)(1). The case was referred to the United States Probation Department for the preparation of a presentence investigation report. Mr. Castiglione has remained in the community since the arraignment and is compliant with the terms and conditions of the unsecured bond.

Mr. Castiglione was born on September 15, 1992 and is 26 years old. His parents divorced soon after his birth. Unfortunately, he witnessed domestic violence in the house when he was young and his mother was an alcoholic who brought addicts into the home. Defendants mother has been sober for many years and Defendant moved into his father's house for a more stable environment when he was in his teens. Mr. Castiglione graduated from high school and enrolled in Lakeland Community College but withdrew due to substance abuse issues. He is desirous of advancing his education and prefers computer science and IT. Mr. Castiglione has remained employed since high school graduation and works in construction.

Mr.Castiglione was diagnosed with depression and anxiety disorder and was prescribed medication. He is desirous of mental health counseling. Although Anthony is not a drinker, he is addicted to marijuana.. Anthony also suffered seizures because of a dependence on benzos and

K2/Spice. He attended and completed a recovery program at Lake-Geauga Recovery Centers and recognizes that he must continue with treatment.

The letters in support of Mr. Castiglione suggest that he suffered from addiction which led to his role in the offense and a desire to make a nominal amount of money. Mr. Castiglione recognizes that he made a grave mistake which has jeopardized his future and his relationship with his family, employer and education. He is accountable and will positively respond to supervision.  (Exhibit 1).

## CONCLUSION

Wherefore, based upon the foregoing, Mr. Castiglione respectfully requests the Court impose a sentence that is sufficient but not greater than necessary.

>
> Respectfully submitted,
>
> /s/ Craig T. Weintraub
> CRAIG T. WEINTRAUB, ESQ. (0040095)
> 55 Public Square
> Suite 1600
> Cleveland, Ohio  44113
> (216) 896-9090
> (216) 456-2310 facsimile
> cweintraub@hotmail.com
> ***Attorney for Defendant***

## **CERTIFICATE OF SERVICE**

A copy of the foregoing was filed electronically and notice will be sent to all parties electronically by operation of the court's electronic filing system.

/s/ Craig T. Weintraub
CRAIG T. WEINTRAUB
